**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**JOELLE ANGEL,**

**Plaintiff,**

**v.** **ACTION NO. 2:21cv554**

**AMEKA D. RIDDICK, et al.,**

**Defendants.**

**DISMISSAL ORDER**

This matter is before the court pursuant to the court's statutory obligation under 28 U.S.C. § 1915(e)(2) to screen complaints filed by parties who are proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2). For the reasons set forth below, this action is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2).

## I. Relevant Factual and Procedural Background

On September 30, 2021, Plaintiff Joelle Angel ("Plaintiff"), appearing pro se, paid the requisite fees and filed a Complaint in this court.[1] Compl., ECF No. 1; Receipt, ECF No. 1-1. In her Complaint, Plaintiff alleged that over the past few years, Plaintiff's neighbor, Defendant Ameka D. Riddick ("Ms. Riddick"), subjected Plaintiff to abuse, threats of violence, false criminal

[1] As explained herein, although Plaintiff paid the filing fees, she later requested—and received—authorization to proceed in forma pauperis because she could not afford the costs associated with serving Defendants with process. See infra p. 4.

charges, and other wrongful conduct. Compl. at 1-15. Based on this alleged conduct, Plaintiff asserted several claims against Ms. Riddick and certain owners, landlords, and property managers of the condominium unit where Ms. Riddick resides. Id.

Because Plaintiff paid the fees when she initiated this action, Plaintiff was responsible for serving all of the named Defendants with process. On October 1, 2021, the Clerk issued summonses and prepared service packets for Plaintiff. Summonses, ECF No. 2. Plaintiff attempted to serve Defendants; however, only Ms. Riddick filed an appearance in this action. See Mot. Extension, ECF No. 4.

Plaintiff subsequently filed an Amended Complaint that included two additional Defendants. Am. Compl., ECF No. 9. Upon review of Plaintiff's Amended Complaint, the court determined that the allegations set forth therein did not adequately establish that subject matter jurisdiction was proper in this court. Order Show Cause at 1-5, ECF No. 10.

In deference to Plaintiff's pro se status, the court provided Plaintiff with an opportunity to address the jurisdictional issue. Id. The court ordered Plaintiff to show cause why this action should not be dismissed by filing a Second Amended Complaint that (i) clearly stated all claims that Plaintiff intended to assert against Defendants; (ii) identified a valid basis for the court's

jurisdiction over such claims; and (iii) set forth all factual allegations upon which Plaintiff's claims were based. Id. at 5.

Plaintiff timely filed a Second Amended Complaint. Second Am. Compl., ECF No. 14. Upon review of Plaintiff's Second Amended Complaint, the court was satisfied that subject matter jurisdiction was proper in this court.[2] Order at 7, ECF No. 15. In an Order entered on May 12, 2022, the court ordered Ms. Riddick, i.e., the only Defendant who had appeared in this action, to file a responsive pleading to Plaintiff's Second Amended Complaint within thirty days. Id. at 9. Additionally, the court determined that Plaintiff's attempts to serve Defendants with process did not comply with the service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure. Id. at 2. Therefore, the court directed the Clerk to issue summonses for all Defendants, except for Ms. Riddick,[3] and prepare service packets for Plaintiff. Order at 10. The court ordered Plaintiff to properly serve these Defendants within thirty days. Id.

Following the entry of the court's May 12, 2022 Order, Ms. Riddick filed a Motion to Dismiss. Mot. Dismiss, ECF No. 16.

---

[2] Although the court was satisfied that jurisdiction was proper, the court took no position as to the viability of Plaintiff's asserted claims. Order at 7 n.7, ECF No. 15.

[3] Although Plaintiff did not properly serve Ms. Riddick with process, the court noted in its May 12, 2022 Order that Ms. Riddick voluntarily appeared in this action, thereby waiving service. See Order at 2-3, ECF No. 15.

Thereafter, Plaintiff filed an application to proceed in forma pauperis ("IFP Application") and a Motion to Amend. IFP Appl., ECF No. 18; Mot. Amend, ECF No. 22.

In her IFP Application, Plaintiff indicated that although she paid the filing fees when she initiated this action, she was unable to afford the costs required to properly serve Defendants. IFP Appl. at 1-5; Attach. at 1, ECF No. 18-1. In an Order entered on November 30, 2022, the court determined that Plaintiff qualified for in forma pauperis status and granted Plaintiff's IFP Application. Order at 4-5, ECF No. 25. Additionally, the court explained:

> When a plaintiff is granted authorization to proceed in forma pauperis, the court is obligated, pursuant to 28 U.S.C. § 1915(e)(2), to screen the operative complaint to determine, among other things, whether the complaint states a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2) (explaining that "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted"). A complaint should survive only when a plaintiff has set forth "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Id. at 5.

At the time the court entered its November 30, 2022 Order, Plaintiff's Second Amended Complaint was the operative complaint in this action; however, Plaintiff had filed a Motion to Amend, in which Plaintiff sought to include additional factual allegations and claims in this lawsuit. Mot. Amend at 1-10. In deference to

Plaintiff's pro se status, the court chose to provide Plaintiff with an opportunity to amend the operative complaint prior to undertaking the screening obligations set forth in 28 U.S.C. § 1915(e)(2). Order at 5. The court stated:

> Plaintiff is **ORDERED** to file a Third Amended Complaint within thirty days of the date of entry of this Order. Plaintiff is ADVISED that her Third Amended Complaint will supersede her Second Amended Complaint and will become the operative complaint in this action. As such, the Third Amended Complaint must:
>
> (i) be clearly labeled as Plaintiff's Third Amended Complaint;
> (ii) comply with the federal pleading standards set forth in Federal Rules 8 and 10;
> (iii) clearly identify the Defendant(s) against whom Plaintiff intends to assert claims;
> (iv) clearly state, with specificity, each claim that Plaintiff intends to assert against the Defendant(s);
> (v) clearly set forth all factual allegations upon which each asserted claim is based; and
> (vi) clearly identify a valid basis for the court's jurisdiction over all asserted claims.

Id. at 5-6 (footnotes omitted). The court specifically advised Plaintiff that this case may be dismissed if she failed to comply with the terms of the court's Order. Id. at 6-7 (citing Fed. R. Civ. P. 41(b)).

Plaintiff did not file a Third Amended Complaint until January 4, 2023, after the expiration of her deadline to do so. Third Am. Compl., ECF No. 26. For this reason alone, the court finds that dismissal of this action is warranted. See Fed. R. Civ. P. 41(b) (explaining that the court may dismiss an action when a plaintiff fails to comply with an Order of the court). However, in deference

to Plaintiff's pro se status, the court has reviewed the merits of Plaintiff's untimely Third Amended Complaint. Upon review, the court finds, as explained in detail below, that dismissal of this action is also warranted under 28 U.S.C. § 1915(e)(2).

## II. Plaintiff's Third Amended Complaint[4]

In her Third Amended Complaint, Plaintiff continues to allege that over the past few years, her neighbor, Ms. Riddick, has subjected Plaintiff to abuse, threats of violence, false criminal charges, and other wrongful conduct. Third Am. Compl. at 1-35, ECF No. 28. Plaintiff alleges that she reported Ms. Riddick's conduct to the "property manager and landlords, and even sought state court injunctions"; however, Ms. Riddick "persists in injuring Plaintiff and abusing the justice system." Id. at 1.

Both Plaintiff and Ms. Riddick have petitioned the state courts for protective orders against each other, and police officers have been called to intervene in Plaintiff and Ms. Riddick's personal disputes on several occasions. Id. at 10-14. During certain state court proceedings, Ms. Riddick was represented by Don Scott, an attorney who also serves as a member of the Virginia House of Delegates. Id. at 3-4, 12-13. Plaintiff

---

[4] Plaintiff filed an initial Third Amended Complaint on January 4, 2023, and later filed updated Third Amended Complaints on January 27, 2023, and January 30, 2023. See ECF Nos. 26, 27, 28. The court considers Plaintiff's most recent Third Amended Complaint, docketed at ECF No. 28, to be the operative complaint in this action.

claims that Don Scott conspired with Ms. Riddick, the property manager and owner of the condominium units, the current and former landlords of the condominium units, the police officers who responded to calls from Plaintiff and/or Ms. Riddick, and all of the state court magistrates and judges who were involved in legal proceedings involving Plaintiff and Mr. Riddick, in an attempt to violate Plaintiff's rights. Id. at 2-10.

Plaintiff names the following twenty individuals and entities as Defendants in this action: (i) Ms. Riddick; (ii) Lionel T. Hines, Sr., the acting property manager of Plaintiff and Ms. Riddick's condominium units; (iii) Kim Philippi, Ms. Riddick's former landlord; (iv) Alliance Investment & Consulting, LLC, Ms. Riddick's former landlord; (v) Chang Philippi, Ms. Riddick's current landlord; (vi) Alliance Property Holdings, the owner of Ms. Riddick's condominium unit; (vii) Don Scott; (viii) Don Scott Law, PLLC; (ix) Breit Biniazan, PC, the law firm that currently employs Don Scott; (x) Mandy L. Owens, a state court magistrate; (xi) Angela L. Sterling, a state court magistrate; (xii) Fanita Y. Pendleton, a state court magistrate; (xiii) Ethan C. Griffith, a state court magistrate; (xiv) Anthony J. Nicolo, a state court substitute judge; (xv) Kenneth R. Melvin, a state circuit court judge; (xvi) Roxie O. Holder, a state general district court judge; (xvii) Polly Chong, a state court substitute judge; (xviii) the

City of Portsmouth; (xix) the Portsmouth Sheriff's Office; and (xx) the Commonwealth of Virginia. Id. at 1-3.

Plaintiff asserts claims against these Defendants pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, 18 U.S.C. § 241, 18 U.S.C. § 242, the False Claims Act, and sections 18.2-22, 18.2-461, 18.2-460, 18.2-137, and 18.2-416 of the Virginia Code. Id. at 1, 22-29. As relief, Plaintiff seeks over $13 million in damages, a "court-ordered freeze" on Defendants' "corporate and personal assets," the "[p]rosecut[ion]" of Defendants "pursuant to civil and criminal law," ownership of the condominium unit, the cessation of any "government funding" to Ms. Riddick and her sister, and an Order from "Child Protective Services" that would "protect [Ms. Riddick's] teenage son from being psychologically abused and emotionally traumatized, by being forced to live with a parent who displays [criminal] and mentally-ill symptoms[,] constant violen[t] behavior and emotional instability." Id. at 33 (fourth alteration in original) (emphasis omitted).

## III. The Court's Statutory Screening Obligation

As noted above, the court is obligated to review all complaints filed by litigants who are proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2). If, upon review, the court determines that the operative complaint fails to state a claim on which relief may be granted, the court is required to dismiss the action. Id.

In determining whether a complaint states a claim under § 1915(e)(2), courts utilize "the familiar standard for a motion to dismiss" under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Sweet v. N. Neck Reg'l Jail, 857 F. Supp. 2d 595, 596 (E.D. Va. 2012) (citation omitted). To survive a challenge under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard. Id. Instead, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Further, a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678.

Pursuant to the screening obligation imposed by 28 U.S.C. § 1915(e)(2), the court reviews the merits of the claims asserted in Plaintiff's Third Amended Complaint below.

**A. Plaintiff's Claims Brought Pursuant to Federal and State Criminal Statutes**

As summarized above, Plaintiff seeks to assert claims against Defendants pursuant to two federal criminal statutes, i.e., 18 U.S.C. §§ 241 and 242, and five state criminal statutes, i.e., Virginia Code §§ 18.2-22, 18.2-137, 18.2-416, 18.2-460, and

18.2-461. Third Am. Compl. at 1, 26-29. As this court has explained, "[u]nless there is a clear [legislative] intent to provide a civil remedy, a plaintiff cannot recover civil damages for an alleged violation of a criminal statute. A 'bare criminal statute' provides for no express civil remedy." Brown v. Clements, No. 3:15cv104, 2015 U.S. Dist. LEXIS 127806, at *27 (E.D. Va. Sept. 23, 2015) (second alteration in original) (citations omitted).

Here, all of the federal and state statutes referenced above are bare criminal statutes that do not provide for private causes of action. See id. (finding that section 18.2-416 of the Virginia Code is a "bare criminal statute" that "does not create a private right of action"); Fiorani v. Virginia, No. 3:14cv216, 2014 U.S. Dist. LEXIS 44920, at *7-8 (E.D. Va. Apr. 1, 2014) (finding that section 18.2-22 of the Virginia Code "does not contain a private right of action"); Walsh v. Logothetis, No. 3:13cv401, 2014 U.S. Dist. LEXIS 7352, at *31-32 (E.D. Va. Jan. 21, 2014) (explaining that 18 U.S.C. §§ 241 and 242 do not provide for private causes of action); Young v. City of Norfolk, 62 Va. Cir. 307, 315 (Norfolk 2003) (explaining that sections 18.2-460 and 18.2-461 of the Virginia Code "do not expressly provide for private rights of action," and finding no authority to suggest that "rights of action exist under these statutes"); see also Va. Code Ann. §§ 18.2-22,

18.2-137, 18.2-416, 18.2-460, 18.2-461.[5] Therefore, the court finds that Plaintiff cannot state a plausible claim for relief against any named Defendant pursuant to these federal and state criminal statutes.

**B. Plaintiff's False Claims Act Claim**

Plaintiff asserts a claim against all Defendants under the False Claims Act. Third Am. Compl. at 1, 22. The False Claims Act seeks "to combat fraud perpetrated against the United States." Rahmi v. Jackson Kelly Atty's at Law, No. 3:13cv132, 2014 U.S. Dist. LEXIS 39174, *11-12 (N.D. W. Va. Mar. 25, 2014). To achieve this goal, the Act "imposes civil liability on any person who 'knowingly presents, or causes to be presented, to [the United States government] a false or fraudulent claim for payment or approval' or 'knowingly makes, uses or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government.'"[6] Id. (alteration in original) (citations omitted).

---

[5] Additionally, to the extent that Plaintiff intended this lawsuit to serve as a request for the criminal prosecution of any named Defendant, the court finds that such request would necessarily fail because "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973).

[6] The False Claims Act defines the term "claim" as:

> any request or demand, whether under a contract or otherwise, for money or property and whether or not the United States has title to the money or property, that—
>
> (i) is presented to an officer, employee, or agent of the United States; or

Upon review, the court finds that the factual allegations of Plaintiff's Third Amended Complaint fall far short of stating a plausible claim for relief against any named Defendant under the False Claims Act. See Third Am. Compl. at 1-33; see also Rahmi, 2014 U.S. Dist. LEXIS 39174, at *11-12.

Further, even if Plaintiff could assert facts sufficient to state a plausible claim under the False Claims Act, Plaintiff would be unable to pursue such claim on a pro se basis. See United States ex rel. Brooks v. Lockheed Martin Corp., 237 F. App'x 802, 803 (4th Cir. 2007) (noting that "the United States is the real party in interest" in qui tam actions under the False Claims Act, and that "the need for adequate legal representation on behalf of the United States counsels against permitting pro se suits"); Riley v. Fid. Info. Servs., No. 3:15cv2331, 2015 U.S. Dist. LEXIS 124356, *12 (D.S.C. June 18, 2015) (stating that "[i]t is well settled that an action under the [False Claims Act] may not be brought by

---

(ii) is made to a contractor, grantee, or other recipient, if the money or property is to be spent or used on the Government's behalf or to advance a Government program or interest, and if the United States Government—

(I) provides or has provided any portion of the money or property requested or demanded; or

(II) will reimburse such contractor, grantee, or other recipient for any portion of the money or property which is requested or demanded.

31 U.S.C. § 3729(b)(2).

a pro se litigant"). For these reasons, the court finds that Plaintiff's False Claims Act claim necessarily fails.[7]

**C. Plaintiff's Claims Under 42 U.S.C. § 1983**

Plaintiff asserts § 1983 claims against all named Defendants. Third Am. Compl. at 1, 23-25. Section 1983 does not itself create substantive rights, "but merely provides a method for vindicating federal rights elsewhere conferred." Brown v. Mitchell, 308 F. Supp. 2d 682, 692 (E.D. Va. 2004). To state a § 1983 violation, Plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); see Briggs v. Waters, 455 F. Supp. 2d 508, 518 (E.D. Va. 2006); see also 42 U.S.C. § 1983.

In her Third Amended Complaint, Plaintiff claims that Defendants violated her rights under the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Third

---

[7] The court notes that Plaintiff's Third Amended Complaint also contains a reference to the Virginia Fraud Against Taxpayers Act. Third Am. Compl. at 22, ECF No. 28. To the extent that Plaintiff intended to assert a separate claim against Defendants under this Act, the court finds that such claim would also fail. See Commonwealth ex rel. Hunter Labs., LLC v. Quest Diagnostics, Inc., 95 Va. Cir. 323, 326 (Fairfax Cnty. 2017) (noting that the Virginia Fraud Against Taxpayers Act "is based on the [False Claims Act] and mirrors its provisions," and finding that "[False Claims Act] cases provide useful guidance" when interpreting the provisions of the Virginia Fraud Against Taxpayers Act).

Am. Compl. at 1, 23-25. Upon review, however, the court finds that Plaintiff's Third Amended Complaint fails to plausibly allege a violation of any of these rights. See Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555. Additionally, the court finds that Plaintiff's § 1983 claims fail as to several of the named Defendants for alternative reasons, which the court addresses below.

**1. The Judicial Defendants**

It is a well-settled principle that judges and magistrates are absolutely immune from suits under § 1983 for acts committed within their judicial discretion. Stump v. Sparkman, 435 U.S. 349, 355-56 (1978); see King v. Myers, 973 F.2d 354, 356 (4th Cir. 1992) (explaining that "[m]agistrates are judicial officers, and are thus entitled to absolute immunity under the same conditions as are judges"). "Absolute judicial immunity exists 'because it is recognized that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation.'" Lesane v. Spencer, No. 3:09cv012, 2009 U.S. Dist. LEXIS 114247, at *6 (E.D. Va. Dec. 8, 2009) (citations omitted). A judge is entitled to immunity even if "the action he took was in error, was done maliciously, or was in excess of his authority." Stump, 435 U.S. at 356. Only two exceptions apply to judicial immunity: (1) nonjudicial

actions; and (2) those actions "though judicial in nature, taken in complete absence of all jurisdiction." Mireles v. Waco, 502 U.S. 9, 11-12 (1991) (citation omitted).

Here, the court finds that the alleged actions of the various state court judges and magistrates, as set forth in Plaintiff's Third Amended Complaint, constituted judicial acts involving matters over which these individuals had jurisdiction. See Third Am. Compl. at 1-33. Thus, the court further finds that Plaintiff's § 1983 claims, as asserted against the state court judges and magistrates, are barred by the doctrine of absolute judicial immunity.

**2. The Portsmouth Sheriff's Office**

As courts have explained, sheriff's offices and police departments are not "persons amenable to suit under § 1983." Barksdale v. Piedmont Reg'l Jail, No. 3:15cv201, 2015 U.S. Dist. LEXIS 152636, at *5 (E.D. Va. Nov. 10, 2015) (noting that "[n]either inanimate objects such as buildings, facilities, and grounds nor collective terms such as staff or agency, are persons amenable to suit under § 1983"); see Day v. Walker, No. 3:21cv406, 2022 U.S. Dist. LEXIS 21840, at *11 (E.D. Va. Feb. 7, 2022) (finding that the Henrico County Sheriff's Office is not a person under § 1983); United States v. Woody, No. 3:16cv127, 2016 U.S. Dist. LEXIS 58374, at *6 (E.D. Va. Apr. 29, 2016) (dismissing the Richmond City Sheriff's Office because it is "not a legal entity

with the capacity to be sued"). Accordingly, the court finds that Plaintiff cannot state a plausible § 1983 claim against the Portsmouth Sheriff's Office.

**3. The City of Portsmouth**

Municipalities are considered "persons" for purposes of § 1983, and may be held liable under § 1983 "if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." Moody v. City of Newport News, 93 F. Supp. 3d 516, 529 (2015) (citations omitted). However, "under § 1983[,] local governments are responsible only for 'their own illegal acts,'" and "are not vicariously liable under § 1983 for their employees." Id. (citations omitted). To impose liability on a municipality under § 1983, a plaintiff must show that the municipality deprived the plaintiff "of a constitutional right 'through an official policy or custom.'" Id. (citations omitted); see Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978) (explaining that liability may be imposed on a local government under § 1983 when the "government's policy or custom . . . inflicts the injury").

Upon review, the court finds that Plaintiff's Third Amended Complaint fails to allege facts sufficient to show that any representative of the City of Portsmouth acted pursuant to an official policy or custom that deprived Plaintiff of a constitutional right. See Third Am. Compl. at 1-13; see also

Monell, 436 U.S. at 694. Thus, the court further finds that Plaintiff's Third Amended Complaint fails to state a plausible § 1983 claim under Monell against the City of Portsmouth.

**4. The Private Party Defendants**

As explained above, § 1983 protects against certain conduct by a person acting under color of state law. 42 U.S.C. § 1983; see Briggs v. Waters, 455 F. Supp. 2d 508, 518 (E.D. Va. 2006). The conduct necessary to implicate § 1983 "must be 'fairly attributable to the State.' The person charged must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions." DeBauche v. Trani, 191 F.3d 499, 506 (4th Cir. 1999) (citations omitted).

Although a private person may be considered to act under color of state law if he or she is a "willful participant[] in joint activity with state officials," a plaintiff seeking to allege such joint activity must plead "more than a naked assertion of conspiracy between a state actor and private parties." Worthington v. Palmer, No. 3:15cv410, 2015 U.S. Dist. LEXIS 159441, at *15 (E.D. Va. Nov. 24, 2015). The plaintiff "must plausibly allege that Defendants acted jointly in concert, and that some overt act was done in furtherance of the conspiracy that resulted in the plaintiff's deprivation of some constitutional right." Id.

In her Third Amended Complaint, Plaintiff appears to acknowledge that several of the named Defendants are not state actors; however, Plaintiff claims that these non-state actors all conspired with Don Scott, a member of the Virginia House of Delegates, to violate Plaintiff's rights. Third Am. Compl. at 1-33.

Upon review of the conspiracy-related allegations asserted in Plaintiff's Third Amended Complaint, the court finds them to be speculative, conclusory, factually unsupported, and nothing more than "naked assertion[s] of conspiracy" that are insufficient to allow the court to consider the non-state actor Defendants to be state actors. Id.; Worthington, 2015 U.S. Dist. LEXIS 159441, at *15.

**D. Plaintiff's Claims Under 42 U.S.C. § 1985**

Plaintiff's Third Amended Complaint asserts a conspiracy claim against all Defendants pursuant to § 1985(2). Third Am. Compl. at 1, 26. The statute provides, in relevant part:

> [I]f two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;
>
> . . . the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(2)-(3).

Section 1985 claims require a showing that "two or more persons" have "conspire[d] to interfere with an individual's civil rights." Davis v. Hudgins, 896 F. Supp. 561, 570 (E.D. Va. 1995). With respect to the "conspiracy" element of a § 1985 claim, a plaintiff "must show an agreement or a 'meeting of the minds' by defendants to violate the claimant's constitutional rights." Id. at 571 (quoting Simmons v. Poe, 47 F.3d 1370, 1377 (4th Cir. 1995)). This requirement has been described as a "high threshold" that if often difficult for plaintiffs to reach. Id.; (dismissing a claim under § 1985(2) after finding that the plaintiff made only "general conclusory allegations" of a "conspir[acy] to interfere with state court proceedings" an "failed to provide specific evidence of such a conspiracy"); see Simmons, 47 F.3d at 1377 (explaining that the United States Court of Appeals for the Fourth Circuit rejects § 1985 claims "whenever the purported conspiracy is alleged in a merely conclusory manner, in the absence of concrete supporting facts"); Rice v. Scholastic Book Fairs, Inc., 579 F.Supp.3d 786, 799 (E.D. Va. 2022) (dismissing a plaintiff's § 1985 claim after determining that the factual allegations "d[id] not contain sufficient specificity under the exceptionally high pleading standard of 42 U.S.C. § 1985").

Here, the court finds that the conspiracy-related allegations asserted in Plaintiff's Third Amended Complaint are conclusory in

nature and lack "sufficient specificity under the exceptionally high pleading standard of 42 U.S.C. § 1985." Rice, 579 F. Supp. at 799; see Simmons, 47 F.3d at 1377; Davis, 896 F. Supp. at 70-71; see also Third Am. Compl. at 1-33. Therefore, the court further finds that Plaintiff's Third Amended Complaint fails to state a § 1985 claim against any Defendant upon which relief may be granted.

**E. Dismissal Under § 1915(e)(2) with Prejudice**

Because the court finds that Plaintiff's Third Amended Complaint fails to state any plausible claims for relief against Defendants, the court is obligated to dismiss this action pursuant to 28 U.S.C. § 1915(e)(2). When a district court dismisses an action pursuant to 28 U.S.C. § 1915(e)(2), and "the district court has already afforded [the plaintiff] an opportunity to amend," the Fourth Circuit has explained that "the district court has the discretion to afford [the plaintiff] another opportunity to amend[,] or [it] can 'dismiss the complaint with prejudice.'" Smith v. Forrester, No. 4:18cv3317, 2019 U.S. Dist. LEXIS 35042, at *5 (D.S.C. Feb. 6, 2019) (quoting Workman v. Morrison Healthcare, 724 F. App'x 280 (4th Cir. 2018)) (recommending the dismissal of a pro se action under 28 U.S.C. § 1915 with prejudice after the plaintiff, despite receiving an opportunity to amend, failed to state a claim upon which relief could be granted), adopted by 2019 U.S. Dist. LEXIS 33852 (D.S.C. Mar. 4, 2019); see

Gooden v. U.S. Navy/U.S. Marine Corps, 791 F. App'x 411, 411 (4th Cir. 2020) (affirming the district court's dismissal of a pro se action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)).

Here, the court has already provided Plaintiff with multiple opportunities to amend the operative complaint in this action. Despite these opportunities, the court finds that Plaintiff has not stated a plausible claim for relief against any of the named Defendants. The court finds that it would be futile to provide Plaintiff with another opportunity to amend. Accordingly, the court hereby exercises its discretion to **DISMISS** this action pursuant to 28 U.S.C. § 1915(e)(2) with prejudice.

## IV. Conclusion

For the reasons set forth above, this action is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2).

Plaintiff may appeal this Dismissal Order by forwarding a written notice of appeal to the Clerk of the United States District Court, Norfolk Division, 600 Granby Street, Norfolk, Virginia 23510. The written notice must be received by the Clerk within thirty days of the date of entry of this Dismissal Order.

The Clerk is **DIRECTED** to send a copy of this Dismissal Order to Plaintiff and all counsel of record.

IT IS SO **ORDERED**.

/s/ -RBS
Rebecca Beach Smith
Senior United States District Judge

October 3 , 2023